J-S48027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MANNA MASSAQUOI | : | |
| | : | |
| Appellant | : | No. 3183 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 9, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003006-2010

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 132, 2019**

Appellant, Manna Massaquoi, appeals from the judgment of sentence entered on April 9, 2013, following a jury trial and convictions for aggravated assault, possession of an instrument of crime, terroristic threats, simple assault, and recklessly endangering another person.[1] After review, we affirm.

The trial court set forth the following factual and procedural recitation:

A.     FACTS

On February 7, 2010, [Appellant] woke his girlfriend, Maleeka Clark, by viciously attacking her at an apartment located at 2145 Gould Street [in Philadelphia]. During the attack, [Appellant] kicked Ms. Clark in the face multiple times, hit her in the head with a beer bottle, and choked her until she lost consciousness. [Appellant] also attempted to hit Ms. Clark in the head with a two-by-four, but she was able to block him with her

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702, 907, 2706, 2701, and 2705, respectively.

arm. [Appellant] also told Ms. Clark that he was "going to kill her." When Ms. Clark regained consciousness, she told [Appellant] "to leave, leave please." [Appellant] then went downstairs, but stayed within the home. When Ms. Clark heard [Appellant] coming back up the stairs, she jumped out of a second-floor window. Once outside, Ms. Clark crawled to a friend's house, located on the same block, for safety. After seeing the physical state that Ms. Clark was in, her friend called the police.

Philadelphia [Police] Officers Amir Watson and his partner arrived at the house where Ms. Clark sought safety after the attack. Before entering the home, the officers saw blood all over the front door. Upon entering the home, the officers were able to get a description of [Appellant] from Ms. Clark, which they gave to other patrolling officers in the area. Because of the identification given by Ms. Clark, Philadelphia Police Officers Owen Schaeffer and his partner apprehended [Appellant] at his brother's home, where [Appellant] was hiding in a closet.

Due to the attack, Ms. Clark had two fractured disks, a broken bone on her shoulder, cuts on her leg and elbows, and stitches on her head. She was in the hospital recovering for about [eight] days. She could not walk for about ten days.

B. PROCEDURAL HISTORY

On July 16, 2012, [Appellant] was found guilty of first-degree Aggravated Assault, Possession of an Instrument of Crime, Terroristic Threats, Simple Assault, and Recklessly Endangering Another Person. On August 14, 2012, [Appellant] filed a Motion for a Direct Verdict *pro se*. On January 15, 2013, [Appellant] filed a second Post-Verdict Motion *pro se*. On January 24, 2013, [Appellant's] counsel was permitted to withdraw and new counsel, Lawrence Bozzelli, was appointed.

On April 9, 2013, this [c]ourt held a sentencing hearing and [Appellant] was sentenced to five to ten years [of] incarceration for the charge of Aggravated Assault, nine to eighteen months for the charge of Possession of an Instrument of Crime, and six to twelve months [of] incarceration on the Terroristic Threats Charge. No Sentences were imposed for the charges of Simple Assault or Recklessly Endangering Another Person. The sentences were ordered to run consecutively.

Counsel withdrew the two Motions filed *pro se* by [Appellant] at the sentencing hearing. On April 11, 2013, [Appellant's] counsel, Lawrence Bozzelli, filed a Motion for Judgment of Acquittal and Motion for New Trial. On August 12, 2013, said Motion was denied by operation of law.

On August 9, 2014, [Appellant] filed a *pro se* PCRA [Petition], claiming ineffective assistance of counsel and imposition of a sentence greater than the lawful maximum. On May 4, 2017, counsel for [Appellant], Sandjai Weaver, filed an amended PCRA Petition. This amended petition set forth a claim for ineffective assistance of counsel based on trial counsel's failure to file a direct appeal and based on trial counsel's failure to review the trial notes before filing a post-sentence Motion.

On September 28, 2018, this [c]ourt reinstated [Appellant's] appellate rights *nunc pro tunc*. On October 26, 2018, Counsel, David Michael Simon, filed a Notice of Appeal to the Superior Court. On November 15, 2018, this [c]ourt ordered [Appellant] to submit a 1925(b) statement within twenty-one days. On December 4, 2018, Defendant filed a Statement of Matters Complained on Appeal… .

Trial Court Opinion, 1/31/19 at 1–4 (internal citations and footnotes omitted).

Appellant presents the following questions for our review:

A. Was the evidence insufficient to prove aggravated assault, graded as a felony of the first degree, where the evidence merely proved that [A]ppellant attempted to cause bodily injury with a potentially deadly weapon?

B. Were the verdicts against the weight of the evidence where Ms. [Clark's] testimony was so inherently unreliable it could not be trusted?

Appellant's Brief at 4.

Our standard for review of a sufficiency of the evidence claim is as follows:

When presented with a claim that the evidence was insufficient to sustain a conviction, an appellate court, viewing all of the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine

- 3 -

whether the evidence was sufficient to enable the fact-finder to find that all elements of the offense were established beyond a reasonable doubt.

*Commonwealth v. Woody*, 939 A.2d 359, 361 (Pa. Super. 2007) (citation omitted). "Furthermore, '[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence.'" *Id.* at 361–362 (quoting *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa. Super. 1997)). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). Moreover, "circumstantial evidence is reviewed by the same standard as direct evidence—a decision by the trial court will be affirmed so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." *Commonwealth v. Bricker*, 882 A.2d 1008, 1014 (Pa. Super. 2005) (quotation omitted). "Additionally[,] we may not reweigh the evidence or substitute our own judgment for that of the factfinder." *Commonwealth v. Walker*, 139 A.3d 225, 229 (Pa. Super. 2016).

In support of his appeal, Appellant argues that the evidence was insufficient to sustain his conviction for aggravated assault as a felony of the first degree. Appellant's Brief at 10. Specifically, Appellant avers that pursuant to 18 Pa.C.S. § 2702(a)(1), the subsection under which he was

convicted, "the Commonwealth must prove that 'he attempt[ed] to cause serious bodily injury to another or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." Appellant's Brief at 10 (quoting 18 Pa.C.S. § 2702(a)(1)). He further posits that bodily injury, as defined by 18 Pa.C.S. § 2301, requires "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Appellant's Brief at 11. Appellant cites to a single case, **Commonwealth v. Bullock**, 170 A.3d 1109 (Pa. Super. 2017), in support of his appeal. Although Appellant cites to **Bullock** for its discussion of intent and the manner in which intent can be proven, he provides no discussion of the case and fails to apply that holding to the instant case. Appellant's Brief at 11.

Instead, Appellant conflates his challenge to the sufficiency of the evidence, which contests the quantity of evidence presented, with a challenge to the weight of the evidence, which contests the quality of the evidence presented.[2] Indeed, Appellant attacks the credibility of Ms. Clark, arguing that because she has been diagnosed with several mental illnesses, had not taken her medication the day of the attack, and told medical personnel that she jumped out of the window to escape Appellant because God told her to do so,

_____

[2] As discussed *infra*, Appellant has waived any challenge to the weight of the evidence because he failed to raise the issue in a post-sentence motion.

she did not have an accurate memory of the attack. *Id*. at 12. Appellant then argues that the only evidence of his intent was Ms. Clark's untrustworthy testimony; therefore, the Commonwealth failed to prove Appellant's state of mind and intent and, therefore failed to prove he committed first-degree-felony, aggravated assault. *Id*. Appellant's attacks upon the credibility of Ms. Clark challenge the weight of the evidence and not the sufficiency. Indeed, to the extent that Appellant is arguing that Ms. Clark's testimony made clear that she did not have an accurate memory of the incident, that argument relates to the credibility of Ms. Clark's testimony, which is not appropriate for a sufficiency-of-the-evidence claim. ***Commonwealth v. Sullivan***, 864 A.2d 1246, 1250 (Pa. Super. 2004). ***See also Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012) (noting that a credibility determinations go to the weight of the evidence, not the sufficiency); ***Commonwealth v. W.H.M, Jr.***, 932 A.3d 155 (Pa. Super. 2007) (finding that where appellant avers the finder of fact erred in crediting the victim's version of events over the appellant's version of events, that challenge goes to the weight of the evidence, not the sufficiency).

To the extent Appellant is arguing that the evidence was insufficient to establish the requisite intent, that argument is without merit. As our Supreme Court held in ***Commonwealth v. Fortune***, 68 A.3d 980, 984 (Pa. 2013), this Court should apply a totality-of-the-circumstances test to determine whether a defendant acted with the requisite intent. The Court further referred to a

list of factors set forth in *Commonwealth v. Alexander*, 383 A.2d 887 (Pa. 1978), that may be considered when determining whether the intent to inflict serious bodily injury was present. Specifically, the Court looked to the following, albeit incomplete, list of factors that could be indicative of intent:

> evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury.

*Fortune*, 68 A.3d at 984 (citing *Alexander*, 83 A.2d at 889). As the trial court aptly noted,

> The evidence introduced at trial clearly demonstrated that [Appellant] brutally attacked Maleeka Clark with his feet, fists, a beer bottle, and a two-by-four, while the victim was pleading for [Appellant] to stop. Ms. Clark required medical treatment at Hospital of the University of Pennsylvania for over a week. She was unable to walk for ten days after the attack. The ferocious and suddenness of the attack, waking up Ms. Clark, confirmed [Appellant's] requisite malicious intent to seriously injure Maleeka Clark.

Trial Court Opinion, 1/31/19, at 6. Appellant's first allegation of error merits no relief.

Appellant next argues that the verdicts were against the weight of the evidence because Ms. Clark's testimony was inherently unreliable. Appellant's Brief at 12. Preliminarily, we note that Appellant failed to preserve his weight of the evidence claim because he failed to include that claim in his post-sentence motion. *Commonwealth v. Barnhart*, 933 A.2d 1061, 1066 (Pa. Super. 2007); Pa.R.Crim.P. 607. Indeed, in his post-sentence motion,

Appellant argued that the evidence was insufficient to sustain the verdict and "that the [c]ourt should overturn the conviction and grant him a new trial in the interests of justice. The testimony presented [to] the jury was lacking in credibility and clearly insufficient ...." Motion for Judgment of Acquittal and Motion for a New Trial, 4/11/13, at 1. Moreover, Appellant has failed to point to a portion of the record which indicates he moved for new trial on weight of the evidence grounds and our examination of the record reveals no such motions. Thus, we find Appellant waived his weight of the evidence claim.

Even if we were to reach the merits of Appellant's claim, he would be due no relief. Our scope and standard of review in a weight of the evidence claim is well established.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa. Super. 2015) (quoting *Commonwealth v Brown*, 23 A.3d 544, 558 (Pa. Super. 2011)). "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light

most favorable to the verdict winner." *Commonwealth v.Rossetti*, 863 A.2d 1185, 1191–1192 (Pa. Super. 2004). Moreover, "[q]uestions concerning inconsistent testimony … go to the credibility of witnesses." *Commonwealth v. DeJesus*, 860 A.2d 102, 107 (Pa. 2004). "This Court cannot substitute its judgment for that of the jury on issues of credibility." *Id.* Indeed,

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

*Commonwealth v. Fortson*, 165 A.3d 10, 16 (Pa. Super. 2017) (quotation omitted).

In support of this issue, Appellant avers that Ms. Clark's testimony was unreliable and incoherent. Appellant's Brief at 13. Specifically, Appellant argues that because Ms. Clark has received several mental health diagnoses for which she did not regularly take her medication, drank past the "point of casual intoxication," admitted she forgets things and that God told her to jump out of the window of the apartment, her testimony was so "untrustworthy as to make it unworthy of supporting the weight of Appellant's convictions." *Id*.

Given that the entirety of Appellant's argument regarding the weight of the evidence relates to the reliability and credibility of Ms. Clark's testimony, Appellant's claim fails. A conflict in testimony does not render a verdict against the weight of the evidence. *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003). As the trial court correctly noted, "Here the jury

determined to believe Maleeka Clark, even though she could not remember exactly how many times she was kicked or hit by [Appellant]. The jury, as trier of fact, was free to believe all, some, or none of Ms. Clark's testimony." Trial Court Opinion, 1/31/19, at 6–7 (internal citation omitted). Thus, even if the issue had not been waived, Appellant would be due no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/19