J-S63038-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEWIS BROOKS, | : | |
| | : | |
| Appellant | : | No. 2949 EDA 2018 |

Appeal from the Judgement of Sentence Entered June 17, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014184-2012

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 08, 2020**

Lewis Brooks (Appellant) appeals *nunc pro tunc* from the judgment of sentence of 6 to 12 years of incarceration, imposed after he was found guilty in a bench trial of aggravated assault, simple assault, possessing an instrument of crime (PIC), and recklessly endangering another person (REAP).  We affirm.

We provide the following background.  This case involves the relationship between Appellant and Keith Johnson.  Appellant is married to Tracey Mitchell, whom Johnson claimed he used to date.[1]  This is the cause

_____

[1] Mitchell denied ever having dated Johnson. N.T., 3/10/2014, at 75.

[*] Retired Senior Judge assigned to the Superior Court.

of friction between the two men.[2] According to Johnson, on September 5, 2012, he was driving in his white Ford F250 pickup truck when he saw Appellant driving a red Chevrolet Blazer.[3] Johnson claimed that Appellant signaled for Johnson to follow Appellant. Johnson complied and followed Appellant for about 10 or 15 minutes, believing that the two were going to engage in a fist fight. However, while following Appellant, Johnson's "blood cooled," and he decided he did not want to fight. N.T., 3/10/2014, at 49. According to Johnson, he then made a turn and went to the home of Mrs. Brown, a client for whom Johnson was going to build a retaining wall. Johnson spoke to Mrs. Brown, then got back into his truck. Johnson realized he forgot to have Mrs. Brown sign the contract for the retaining wall; so he exited his truck. That is when he noticed Appellant in his truck headed straight for him, and Appellant then hit Johnson with his car. Johnson suffered numerous injuries, including a broken leg and a head injury.

Appellant was arrested the same day and was charged with attempted murder, aggravated assault, simple assault, REAP, and PIC. A non-jury trial was held on March 10, 2014, where Johnson testified as indicated *supra*.

---

[2] For example, in July 2012, Johnson saw Appellant standing outside a body shop. According to Johnson, Appellant chased Johnson with a crow bar. It was Johnson's position that Appellant chased Johnson with a gun. On another occasion, Appellant allegedly tried to hit Johnson with a car, and Johnson allegedly threw a brick at Appellant. The two also had verbal altercations.

[3] It was later determined this vehicle was a maroon GMC Jimmy. N.T., 3/10/2014, at 70.

Appellant also testified at trial. Appellant testified that Johnson was the aggressor in the prior altercations. N.T., 3/10/2014, at 94-97. With respect to the September 5, 2012 incident, Appellant testified that "out of nowhere" Johnson was "banging on the door" of Appellant's car while it was stopped, and Johnson threatened to kill Appellant. *Id*. at 98. Appellant believed that Johnson had a gun. *Id*. Appellant began to drive away, and Johnson was following Appellant in his car close enough to be tapping the bumper. According to Appellant, when the two were stopped, Johnson got out of his car and reached into the passenger side of Appellant's car. Appellant testified that Johnson lifted his shirt, making Appellant believe Johnson had a gun. Appellant then ducked away when he heard a thud. According to Appellant, he "wasn't trying to hit [Johnson] that day. [He] was trying to get away from him." *Id*. at 102. He "ducked because [he] thought [Johnson] had a gun and he was going to shoot at [Appellant] or something." *Id*. Appellant testified that he "heard a thud" and kept driving "because [he] didn't know if [he] hit [Johnson] or anything and if [he] did, [he] was afraid to stop because [he] didn't know whether [Johnson] was going to come after him." *Id*.

The trial court found Appellant not guilty of attempted murder and guilty on the remaining charges. A sentencing hearing occurred on June 17, 2014. At that hearing, Appellant apologized for any wrongdoing, asked for mercy, and had a number of family members present letters and testify on

his behalf. The trial court pointed out that at no time did Appellant accept responsibility for Johnson's injuries, and stated that "the public has to be protected." N.T., 6/17/2014, at 30. The trial court sentenced Appellant to a below-the-mitigated-range sentence of 6 to 12 years of incarceration for aggravated assault and a concurrent two-and-a-half years to five years of incarceration for PIC. He was sentenced to no further penalty on the remaining charges.

Appellant timely filed a post-sentence motion, which was denied. Appellant timely filed an appeal to this Court, and Appellant's judgment of sentence was affirmed on the basis that Appellant's Pa.R.A.P. 1925(b) statement was filed untimely. **Commonwealth v. Brooks**, 159 A.3d 597 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 168 A.3d 1288 (Pa. 2017).

Appellant timely filed a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, requesting the reinstatement of his right to a direct appeal. The PCRA court granted Appellant's petition, and this timely-filed direct appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant has set forth three issues for our review.[4] We begin with Appellant's sufficiency-of-the-evidence challenge. **See** Appellant's

_____

[4] Appellant included a fourth issue in his Pa.R.A.P. 1925(b) statement, but has decided not to pursue that issue on appeal. **See** Appellant's Brief at 8
*(Footnote Continued Next Page)*

- 4 -

Brief at 19-21. According to Appellant, he presented sufficient evidence to establish a claim of self-defense, and the Commonwealth did not satisfy its burden in disproving his claim.

We review this issue mindful of the following.

> When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial.
>
> In conducting this analysis, we do not weigh the evidence and substitute our judgment for that of the fact-finder. Additionally, the Commonwealth's evidence need not preclude every possibility of innocence in order to prove guilt beyond a reasonable doubt. The fact-finder is free to believe all, part, or none of the evidence.

*Commonwealth v. Knox*, ___ A.3d ___, 2019 WL 4316128 at *4 (Pa. Super. 2019) (internal citations and quotation marks omitted).

Here, because Appellant's sufficiency-of-the-evidence challenge implicates a claim of self-defense, we observe the following.

> The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self-defense, the Commonwealth

*(Footnote Continued)* ────────────

n.1 ("After conducting further research on [the issue related to calculation of Appellant's prior record score], Appellant withdraws the … argument."); *see also id*. at 18.

- 5 -

bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.[5]

*Commonwealth v. Reynolds*, 835 A.2d 720, 731 (Pa. Super. 2003)

(internal citations and quotation marks omitted).

A self-defense claim thus entails three elements:

(1) [Defendant] reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm;

(2) [Defendant] was free from fault in provoking the difficulty which culminated in the slaying; and

(3) [Defendant] did not violate any duty to retreat.

*Knox*, ___ A.3d ___, 2019 WL 4316128 at *5 (internal citations omitted).

---

[5] Instantly, the trial court concluded that Appellant properly raised a claim of self-defense. *See* Trial Court Opinion, 3/29/2019, at 8-9 ("Through his own testimony, [Appellant] presented sufficient evidence to bring the issue of self-defense before the court."). However, our Supreme Court has held that the defense of self-defense is available only when a defendant admits that he used deadly force upon the victim intentionally. *See Commonwealth v. Philistin*, 53 A.3d 1, 12 (Pa. 2012); *Commonwealth v. Harris*, 665 A.2d 1172, 1175 (Pa. 1995) ("[T]he defense of self-defense necessarily requires that the appellant admit that the shooting was intentional in order to protect one's self."). At trial, Appellant testified that he "didn't know if [he] hit" Johnson. N.T., 3/10/2014, at 102. On appeal, Appellant argues that he "incidentally struck" Johnson. Appellant's Brief at 20. Thus, it is arguable that the trial court should not have even considered a self-defense defense. However, because the trial court concluded that Appellant satisfied his burden to put forth a self-defense defense, and the Commonwealth does not dispute the claim, we will consider the issue.

Here, the trial court concluded that the Commonwealth proved beyond a reasonable doubt that Appellant "did not reasonably believe he was in danger of death or serious injury, and that even if [Appellant were] afraid of Johnson, running Johnson over with a car was not a reasonable response." Trial Court Opinion, 3/29/2019, at 12. According to the trial court, "[e]ven if [Appellant's] incredible version of events [were] true, [Appellant] safely could have retreated by simply driving away in his car once Johnson parked and exited his own vehicle." *Id*. at 12-13.

On appeal, Appellant assails the trial court's accepting of "[Johnson's] version of events" as true. Appellant's Brief at 21. Furthermore, Appellant points out that the trial court failed to acknowledge that Johnson had a history of abusing Appellant. *Id*.

> When the defendant's own testimony is the only evidence of self-defense, the Commonwealth must still disprove the asserted justification and cannot simply rely on the [fact-finder's] disbelief of the defendant's testimony…. If there are other witnesses, however, who provide accounts of the material facts, it is up to the fact finder to reject or accept all, part or none of the testimony of any witness. The complainant can serve as a witness to the incident to refute a self-defense claim. Although the Commonwealth is required to disprove a claim of self-defense arising from any source beyond a reasonable doubt, a [fact-finder] is not required to believe the testimony of the defendant who raises the claim.

*Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014) (internal citations and quotation marks omitted).

In this case, there were two witnesses who testified to this altercation, Appellant and Johnson. The trial court believed the testimony of Johnson,

*see* Trial Court Opinion, 3/29/2019, at 13, and we cannot and will not disturb that conclusion. Moreover, this incident occurred on a two-lane road and the damage to Appellant's car was on the passenger side of the vehicle. Under such circumstances, the trial court did not err in concluding that Appellant violated his duty to retreat because there was adequate space for Appellant to have left the scene safely without hitting Johnson. Accordingly, we discern no error of law in the trial court's conclusions, and agree with the trial court that the Commonwealth disproved Appellant's claim of self-defense beyond a reasonable doubt. Thus, Appellant is not entitled to relief.

Appellant next argues that the verdict was against the weight of the evidence. *See* Appellant's Brief at 22-23.

> Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, that a claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.

*Commonwealth v. Barnhart*, 933 A.2d 1061, 1066 (Pa. Super. 2007) (internal citation and quotation marks omitted). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id*. Here, Appellant did not raise this issue prior to sentencing or in his post-sentence motion. Thus, the issue is waived.

Finally, Appellant challenges the discretionary aspects of his sentence. *See* Appellant's Brief at 15-18. We consider this issue mindful of the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Samuel***, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, preserved the issue in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. ***See*** Appellant's Brief at 12-13. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant contends that the trial court "imposed a sentence that was so manifestly excessive as to constitute too severe a punishment." Appellant's Brief at 12. Appellant argues that while the trial court "did take into account some mitigating factors, [the trial court] failed to account [for] the rehabilitative needs of Appellant" as well as other mitigating factors. ***Id***.

"[A]n allegation that the sentencing court failed to consider mitigating factors generally does not raise a substantial question for our review." **Commonwealth v. Rhoades**, 8 A.3d 912, 918-19 (Pa. Super. 2010). Additionally, a claim that the sentencing court failed to consider a defendant's rehabilitative needs does not raise a substantial question. **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013). However, this Court has held that where there is a claim that a "sentence is disproportionate to the offense and the trial court failed to consider mitigating factors, Appellant has raised a substantial question." **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1075 (Pa. Super. 2019).

Instantly, despite the fact Appellant received a below-the-mitigated range sentence,[6] he still claims the sentence is excessive and the trial court failed to consider mitigating factors. Thus, arguably, Appellant has raised a substantial question, and we may consider the merits of his claims. **See id**.

Appellant contends the trial court did not consider Appellant's background in assessing Appellant's rehabilitative needs. Appellant's Brief at 17. According to Appellant, the record established that he was attempting

---

[6] In fact, at sentencing, the Commonwealth requested a sentence of 9 to 20 years of incarceration. N.T., 6/17/2014, at 30. When the trial court indicated that it was inclined to sentence Appellant to 6 to 12 years of incarceration, the Commonwealth argued that such a minimum sentence was below the mitigated range, which began with a 6-and-half-year sentence. **Id**. Nevertheless, the trial court sentenced Appellant to this below-the-mitigated-range sentence. **Id**.

to provide for his family, he was in the process of obtaining certification as a pharmacy technician, and he was responsible for the care of his mother because his sister had been murdered five years prior. *Id*. Thus, Appellant claims that such a long prison sentence was unreasonable under these circumstances and the trial court abused its discretion at sentencing.

> The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference. In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.
>
> The sentencing code offers general guidelines with respect to the imposition of a particular sentence. Reasonableness of the sentence imposed by the trial court is based on:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S.[ ] § 9781(d). The sentencing code guidelines also require the sentence to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

*DiClaudio*, 210 A.3d at 1076 (citing *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (internal quotation marks and some citations omitted)).

Instantly, at sentencing, the trial court took into account the impact on Johnson, who "was injured badly and in the hospital with a broken leg and other injuries." N.T., 6/17/2014, at 26. In addition, the trial court pointed out that Appellant did not take responsibility for injuring Johnson; rather, he claimed that Johnson was "mentally ill" and "made it up." *Id*. The trial court acknowledged that Appellant had not been convicted of a crime in 30 years. *Id*. at 28. The trial court pointed out that it listened to the witnesses at trial, and that the "public has to be protected." *Id*. at 30. The trial court concluded that Appellant was entitled to mitigation, and sentenced Appellant below the mitigated range. "Moreover, where, as here, the sentencing court had the benefit of a pre-sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Rhoades*, 8 A.3d at 919 (citations and quotation marks omitted).

Thus, the trial court had the benefit of all relevant information, had observed Appellant during trial and at sentencing, and concluded he was entitled to mitigation. Based on the foregoing, "we conclude that Appellant has failed to demonstrate that the sentencing court ignored or misapplied

the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing Appellant's below-the-mitigated-range sentence. *DiClaudio*, 210 A.3d at 1077 (internal quotation marks omitted).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20