**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joseph Michael BARNHART,**
**Appellant.**

Superior Court of Pennsylvania.

Argued May 1, 2007.
Filed Sept. 26, 2007.

David W. Drescher, Asst. Dist. Atty., Lebanon, for Com., appellee.

BEFORE: STEVENS, KLEIN, and PANELLA, JJ.

OPINION BY STEVENS, J.:

¶ 1 Joseph Barnhart appeals an October 4, 2006 judgment of sentence entered in

the Court of Common Pleas of Lebanon County, following his convictions for drunk driving and failing to wear his seatbelt.

¶ 2 At the time of his arrest, Barnhart was a member of the National Guard, stationed at Indian Town Gap in Lebanon County. While off duty and out of uniform, Barnhart had been dining and drinking at a local bar. He left the bar during the early morning hours of May 18, 2005, and was pulled over by Officer Jungbaer, an Indian Town Gap police officer who had observed Barnhart's jeep swerve back and forth over the center yellow line into the opposing lane of traffic. When Officer Jungbaer stopped the jeep and approached, he noticed that Barnhart was not wearing his seatbelt, and appeared to be drunk. Barnhart admitted as much, and was unable to perform field sobriety tests. He was arrested, and his blood alcohol content was 0.149% when tested an hour after he was pulled over.

¶ 3 Barnhart was subsequently charged with two counts of driving under the influence of alcohol,[1] and one count of failing to wear his seatbelt.[2] He filed an omnibus pre-trial motion seeking suppression of evidence based on lack of probable cause to stop, and immunity from prosecution based on his status as an active duty National Guardsman.

¶ 4 A pre-trial hearing was held before the Honorable Samuel A. Kline on November 2, 2005, at which time Barnhart was represented by Attorney Brett Riegel. Following transcription of the notes of testimony and the submission of briefs by the parties, Barnhart's pre-trial motion was denied by the Honorable John V. Tylwalk on April 19, 2006.[3] In denying the motion as to the alleged lack of probable cause, Judge Tylwalk correctly explained that "pursuant to statutory amendment effective February 1, 2004, Section 6308 of Pennsylvania's Motor Vehicle Code permits a police officer to conduct a traffic stop if he has **reasonable suspicion** that a provision of the Vehicle Code has been violated." Opinion filed 4/25/06 at 4 (*citing* 75 Pa.C.S.A. § 6308(b)) (emphasis added).[4] Judge Tylwalk went on to analyze the facts of the case, and determined that Officer Jungbaer possessed the required rea-

---

1. 75 Pa.C.S. § 3802(a)(1), (b)

2. 75 Pa.C.S. § 4581(a)(2).

3. Judge Tylwalk replaced Judge Kline, who had been assigned to the civil docket.

4. As a panel of this Court explained in *Commonwealth v. Smith*, 917 A.2d 848 (Pa.Super.2007):

   [T]he probable cause standard enunciated by [*Commonwealth v. Gleason*, 567 Pa. 111, 785 A.2d 983 (2001)] has been superseded by 75 Pa.C.S.A. § 6308(b), which was amended on September 30, 2003, effective February 1, 2004. *Martin v. Commonwealth*, 588 Pa. 429, 905 A.2d 438, 450 (2006) (Eakin, J. Concurring) ("Effective February 1, 2004, the General Assembly 'lowered the quantum of cause an officer must possess from 'articulable and reasonable grounds' [which is equivalent to proba-

   ble cause] to 'reasonable suspicion' to conduct a vehicle stop.'").
   *Smith*, 917 A.2d at 850. Section 6308(b) now states:

   Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has **reasonable suspicion** that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.
   75 Pa.C.S.A. § 6308(b) (emphasis added). In its previous form, the statute required the officer to have "articulable and reasonable grounds to suspect a violation." 75 Pa.C.S.A. § 6308(b) (1998), *amended by* 75 Pa.C.S. § 6308(b) (2004).

sonable suspicion to stop Barnhart's jeep. *Id.* at 5–6.

¶ 5 A bench trial was then conducted before the Honorable Robert J. Eby on August 15, 2006, and Barnhart was found guilty of all charges. He was subsequently sentenced to 90 days to two years' imprisonment, with a specific condition of parole supervision that he not operate a motor vehicle prior to the expiration of his maximum sentence. Barnhart appealed, and filed a court-ordered Pa.R.A.P. 1925(b) statement raising seven allegations of error. The appellate brief he has provided to this Court carries forward six of these claims.

■ ¶ 6 Barnhart first asserts that it was error for the trial court to find that he "did not enjoy statutory immunity from this prosecution under 51 Pa.C.S.A. § 4101." Appellant's brief at 4.[5] From our review of the argument portion of Barnhart's brief, however, it is clear that he is asserting that he is entitled to application of 51 Pa.C.S.A. § 4104, pertaining to "exemption from arrest." Appellant's brief at 9. That section states that "[n]o officer or enlisted person shall be arrested on any warrant, except for treason or felony, while going to, remaining at, or returning from, a place where he is ordered to attend for military duty." 51 Pa.C.S. § 4104.[6]

¶ 7 We find, as did Judge Eby, that Barnhart is not immune from prosecution under Section 4104. Initially, as Judge Eby notes, Barnhart was not arrested on a warrant, thus Section 4104 is not applicable. Opinion filed 11/22/06 at 11.[7] Additionally, and more importantly, Barnhart was not "going to, remaining at, or returning from, a place where he is ordered to attend for military duty" at the time he was arrested. As the record clearly shows, and as Barnhart himself admits, he was out of uniform and off duty, on a purely personal mission, which had absolutely nothing to do with his active duty status as a guardsman, and was in no way carrying out any military order, duty or obligation.

■ ¶ 8 Thus, despite Barnhart's arguments to the contrary, we specifically hold that Section 4104 does not exempt any officer or enlisted person from arrest for any violation of the Vehicle Code when such a violation occurs as the result of

---

**5.** Section 4101, pertaining to equality of treatment and opportunity for members of the National Guard, states:

> It is hereby declared to be the policy of this Commonwealth that there shall be equality of treatment and opportunity for all persons in the Pennsylvania National Guard and the Pennsylvania Guard, without regard to race, creed, color, national origin or sex. Such policy shall be put into effect giving due regard to the powers of the Federal Government which are or may be exercised over the Pennsylvania National Guard and to the time required to effectuate changes without impairing the efficiency or morale of the Pennsylvania National Guard.

51 Pa.C.S.A. 4101.

**6.** Section 4104 replaced 51 Pa.C.S. 1–841, effective January 1, 1976. Neither statute has been cited with any frequency. In fact, there are no binding decisions from the Pennsylvania Supreme or Superior Courts addressing military exemption from arrest under either section. This is apparent after a brief glance at the parties' briefs, which merely cite the few Court of Common Pleas decisions which have dealt with the issue, and the absence of precedent has been confirmed by our research of the matter.

**7.** Barnhart was arrested without a warrant pursuant to Pennsylvania Rule of Criminal Procedure 502(2)(a), pertaining to instituting proceedings in court cases, which provides in pertinent part that criminal proceedings may be instituted by an arrest without a warrant when the offense is a misdemeanor committed in the presence of the police officer making the arrest. Pa.R.Crim.P. 502(2)(a).

actions not in the course of carrying out an order, duty or obligation of military service. As such, Barnhart is entitled to no appellate relief on this ground.

■ ¶ 9 Turning to Barnhart's second allegation of error, we note that despite being alerted to the amendments to Section 6308 by Judge Tylwalk's denial of his pre-trial suppression request, Barnhart persists in claiming that Officer Jungbaer was required to have probable cause to make a valid traffic stop.[8] Appellant's brief at 4, 11. In fact, Barnhart completely ignores Judge Tylwalk's holding that Officer Jungbaer possessed the requisite reasonable suspicion to perform the stop, and, perplexingly, argues that it was error "to hold that the Fort Indiantown Gap Police had probable cause to initiate a traffic stop." Appellant's brief at 4.

¶ 10 Since Judge Tylwalk obviously never made this finding, he cannot be found in error on this ground, and Barnhart is entitled to no relief based on this argument.

Even if we were to view Barnhart's allegation as a claim that Judge Tylwalk erred in applying the wrong standard, Barnhart would be entitled to no relief, as case law makes it clear that reasonable suspicion is the appropriate standard. In *Commonwealth v. Little*, 903 A.2d 1269 (Pa.Super.2006), a panel of this Court addressed an argument that the trial court erred by applying Section 6308(b) as amended, instead of applying the previous version of the statute, and explained that "[o]f course, such a claim must fail as courts are duty bound to apply all laws passed by the legislature pursuant to their plain language." *Little*, 903 A.2d at 1272 (*citing Commonwealth v. LeBar*, 860 A.2d 1105, 1111 (Pa.Super.2004); 1 Pa.C.S. § 1903(a)). *See also Smith*, 917 A.2d at 851 (Therein, the appellant did not dispute that reasonable suspicion existed, and was entitled to no relief on his claim that the pre-amendment probable cause standard should be applied to reverse the trial court).[9]

---

8. The argument portion of Barnhart's brief lumps his probable cause claim together with the allegation that it was error for Judge Eby to refuse to reopen the suppression hearing because Officer Jungbaer's testimony at the time of trial was materially different from his testimony at the suppression hearing. Appellant's brief at 14. We caution counsel that pursuant to Pa.R.A.P. 2119(a), each allegation of error raised in a brief's the statement of question involved should be argued separately. Regardless, we find the allegation is of no merit, as is aptly explained by Judge Eby's Rule 1925(a) Opinion. Opinion filed 11/22/06 at 9.

9. We also note that had Barnhart advanced and supported an argument under the correct standard, that Officer Jungbaer lacked reasonable suspicion to stop him, we would find that the evidence shows otherwise. "To establish grounds for 'reasonable suspicion' ... the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity." *Little*, 903 A.2d at 1272.

In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. *In the Interest of D.M.*, 566 Pa. 445, 781 A.2d 1161, 1163 (2001). In making this determination, we must give "due weight ... to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." [*Commonwealth v. Cook*, 558 Pa. 50, 57, 735 A.2d 673, 676 (1999)] (citation omitted). Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Cook*, 735 A.2d at 676.

*Commonwealth v. Hughes*, 908 A.2d 924, 927 (Pa.Super.2006). As Judge Tylwalk amply explained in the Opinion filed in support of his denial of Barnhart's pre-trial motion, the circumstances which led Officer Jungbaer to ini-

¶ 11 Barnhart next asserts that Judge Eby erred in denying a motion for a directed verdict on the restraint systems charge. Appellant's brief at 4. As Judge Eby correctly concludes in his Rule 1925(a) Opinion, however, there is no evidence of record that Barnhart ever filed a motion for directed verdict on the restraint systems charge, therefore Barnhart is entitled to no relief in this regard. *See* Opinion filed 11/22/06 at 11–12.[10]

■ ¶ 12 Barnhart's fifth allegation asserts that his **D.U.I. conviction** was against the weight of the evidence. Appellant's brief at 4. In the argument portion of his brief Barnhart has widened this allegation to assert that "**the verdict** was against the weight of the evidence," supported by the following:

> No evidence exists as to Barnhart's violation of the restraint system charge. The evidence regarding the DUI and the police officer's differing testimony is addressed above. So, even if this Court finds the trial court had no duty to reopen the suppression hearing, as addressed above, the trial Court *did* have a duty to find that the officer's differing statements on many material points would give the evidence insufficient weight to establish proof beyond a reasonable doubt.

Appellant's brief at 15–16.

¶ 13 Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time

before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa.Super.2006) (*citing* Pa.R.Crim.P. Rule 607, Comment; *Commonwealth v. Little*, 879 A.2d 293 (Pa.Super.2005)). Here, Barnhart does not point to the portion of the record which indicates that he moved for a new trial on weight of the evidence grounds or filed a post-sentence motion raising a weight of the evidence claim, and our examination of the record reveals no such motions. As such, Barnhart has waived this claim. Pa.R.Crim.P. 607(A).

■ ¶ 14 Barnhart's final allegation is that Judge Eby erred when he included the condition that Barnhart may not operate a motor vehicle until the expiration of his maximum sentence. Appellant's brief at 4. His argument narrows this to a claim that "it was unlawful to restrict the Appellant's driving privileges as a condition of parole when there were no extraordinary facts to support it." *Id.* at 16. As Judge Eby correctly explains, Barnhart has waived this challenge to a discretionary aspect of his sentence. Opinion filed 11/22/06 at 14–15 (*citing Commonwealth v. McAfee*, 849 A.2d 270 (Pa.Super.2004)). In *McAfee*, a panel of this Court explained that issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the

---

tiate the stop clearly provided the required reasonable suspicion to do so. Pa.R.A.P. 1925(a) Opinion at 5–7 (*citing* Opinion filed 4/25/06).

10. When we examine the actual argument presented by Barnhart's brief, we find that it does not mention the denial of a motion for a

directed verdict, but instead makes a claim that the evidence is insufficient to support his conviction of the restraint system charge. Appellant's brief at 14. Since Barnhart failed to include such a claim in his Rule 1925(b) statement, however, he is precluded from raising it on appeal. *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998).

claim to the trial court during the sentencing proceedings. "'Absent such efforts, an objection to a discretionary aspect of a sentence is waived.'" *Id.*, 849 A.2d at 275, (*citing Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa.Super.2003)).[11]

¶ 15 For the foregoing reasons, we find that Barnhart is entitled to no relief on appeal, and affirm his judgment of sentence.

¶ 16 Affirmed.

11. Even if this issue were preserved for appellate review, Judge Eby has aptly explained why it is of no merit. Opinion filed 11/22/06 at 16.