J-S46028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY CHARLES PERRELLI | |
| Appellant | No. 1877 MDA 2013 |

Appeal from the Judgment of Sentence September 24, 2013
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003141-2012

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:            **FILED SEPTEMBER 09, 2014**

Anthony Charles Perrelli appeals from the judgment of sentence imposed by the Court of Common Pleas of Cumberland County, after a jury found him guilty of two counts of recklessly endangering another person[1] and one count of propulsion of missiles into an occupied vehicle.[2]  The judge further found Perrelli guilty of the summary offense of criminal mischief.[3]  Upon review, we affirm Perrelli's judgment of sentence.

On June 12, 2012, Perrelli's girlfriend, Mary Lang, and her son visited Perrelli's apartment in Hampden Township, Cumberland County.  Lang and

---

[1] 18 Pa.C.S. § 2705.

[2] 18 Pa.C.S. § 2707(a).

[3] 18 Pa.C.S. § 3304(a)(3).

Perrelli began to argue, and the argument continued as Lang and her son got into her car to leave. As Lang put the car in reverse, Perelli threw a rock through her rear windshield. The rock was approximately the size of a baseball and shattered the windshield, spraying glass throughout the vehicle. Lang called the police, and Officer Brandon Stolley of the Hampden Township Police responded. The officer interviewed Perrelli, who denied throwing anything. It was not until several months later, after a preliminary hearing, that Perrelli called Officer Stolley to tell him that he had thrown the rock in self-defense.

On May 13, 2013, Perrelli was convicted of the above-referenced offenses. The trial court sentenced Perrelli to an aggregate term of 1 to 5 years' incarceration on July 2, 2013. Perrelli filed a timely post-sentence motion seeking modification of sentence, and on September 24, 2013, the court amended Perrelli's sentence to a period of 36 months' supervised probation. This appeal followed.

On appeal, Perrelli challenges the weight of the evidence supporting his conviction. Specifically, Perrelli contends that the Commonwealth did not meet its burden of disproving the defense of justification. Our review of the record reveals that Perrelli has waived this claim.

In order to preserve a challenge to the weight of the evidence, an appellant must present this issue to the trial judge in a motion for a new trial, either orally prior to sentencing, by written motion prior to sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. Absent such efforts, a

challenge to the weight of the evidence is waived. ***Commonwealth v. Barnhart***, 933 A.2d 1061, 1066 (Pa. Super. 2007).

Upon review of the record, we conclude Perrelli made no such challenge and failed to preserve this issue. Accordingly, Perrelli's claim that the verdict was against the weight of the evidence is waived.[4] ***Id.***

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2014

---

[4] Even if Perrelli had preserved his weight of the evidence claim, it is meritless. The jury determined that Perrelli's testimony was not credible. Moreover, Lang's testimony was consistent with both the physical evidence observed at the scene and other witness testimony. In light of the Commonwealth meeting its burden of proof and Perrelli failing to present an adequate defense of justification, the trial court properly concluded the verdict was not so contrary to the evidence as to shock one's sense of justice.