J-A23044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PARIS FUQUE GLENN, | : | |
| | : | |
| Appellant | : | No. 1338 WDA 2018 |

Appeal from the Judgment of Sentence Entered September 5, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005744-2016

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 16, 2019**

Paris Fuque Glenn ("Glenn") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

On April 30, 2016, Glenn, armed with a handgun, confronted and yelled at the female victim while she was outside of her apartment, and fired four shots in her general vicinity.  Glenn subsequently entered a negotiated guilty plea to aggravated assault[1] and terroristic threats.[2]  On April 6, 2017, the trial court sentenced Glenn to serve an aggregate sentence of 11½ to 23 months in jail, followed by three years of probation.  Prior to imposing this sentence,

_____

[1] **See** 18 Pa.C.S.A. § 2702(a)(4).

[2] **Id.** § 2706(a)(1).

the trial court reviewed a pre-sentence investigation report ("PSI") that was prepared regarding Glenn.

In October 2017, Glenn was released on parole. Merely two months later, he was arrested and charged with indecent assault of a person less than 13 years of age and corruption of minors.[3]

On September 5, 2018, Glenn appeared for a probation violation hearing (the "PV Hearing") in the instant case. After considering the arguments of counsel for Glenn and the Commonwealth, as well as the PSI prepared in advance of Glenn's April 2017 sentencing, the trial court revoked Glenn's probation/parole and imposed a new sentence of 14 to 48 months in prison.[4]

Glenn thereafter timely filed a Notice of Appeal. The trial court ordered Glenn to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The court then issued a Rule 1925(a) Opinion.

Glenn presents the following issue for our review:

> Was the 14-to-48 month state prison [sentence] imposed on [Glenn] at his probation violation hearing manifestly excessive given that (A) he had completed multiple rehabilitative programs while incarcerated, (B) he was an adult victim of childhood sexual

---

[3] **See** 18 Pa.C.S.A. §§ 3126(a)(7), 6301. A jury convicted Glenn of these charges in May 2018, after which the trial court imposed an aggregate sentence of two to four years in prison (hereinafter "the sexual assault sentence").

[4] The court ordered this sentence to run consecutively to the sexual assault sentence.

assault, (C) he was the child of a drug-addicted mother, and (D) he was the gainfully employed father of five children?

Brief for Appellant at 4 (some capitalization omitted).

Glenn challenges his sentence as being harsh and excessive, where the trial court purportedly failed to consider his rehabilitative needs and the above-mentioned circumstances. *See id.* at 13-16; *see also id.* at 16 (asserting that the sentencing court improperly focused solely on [Glenn's] mistakes, and did not take into consideration the sincerity of his remorse.").

This issue challenges the discretionary aspects of Glenn's sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Here, although Glenn filed a timely Notice of Appeal and properly included a Rule 2119(f) Statement in his brief, he did not object at sentencing to the court's allegedly excessive sentence, nor did he file a post-sentence

motion.[5] *See Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that a challenge to the discretionary aspects of a sentence is waived where the appellant failed to preserve such challenge at sentencing or in a post-sentence motion). Accordingly, Glenn has waived his sole issue on appeal. *See id.*; *see also Commonwealth v. Barnhart*, 933 A.2d 1061, 1066-67 (Pa. Super. 2007). However, even if Glenn had not waived this claim, which presents a "substantial question,"[6] we would conclude that it does not entitle him to relief.

> [O]ur scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence. We further note that the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.

*Commonwealth v. Finnecy*, 135 A.3d 1028, 1031 (Pa. Super. 2016) (citations, quotation marks and brackets omitted).

---

[5] Glenn, in his brief, represents that he, in fact, filed a timely motion to modify sentence, which the trial court denied. *See* Brief for Appellant at 12. However, this purported motion, and the court's denial thereof, is not contained within the electronic record certified to this Court, nor is it notated on the trial court's docket. *See Commonwealth v. Edwards*, 71 A.3d 323, 324 n.1 (Pa. Super. 2013) (stating that "[i]t is axiomatic that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal and, for purposes of appellate review, what is not of record does not exist." (citation omitted)).

[6] *See, e.g., Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (holding that "[a]ppellant's claim that the [trial] court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review.").

Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant appears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (paragraph break, and some citations and quotation marks omitted).

Upon the revocation of probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentence, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* § 9771(c). Finally, "[i]n every case in which the court … resentences an offender following revocation of probation, … the court shall make as part of the record, and disclose in open court at the time of

sentencing, a statement of the reason or reasons for the sentence imposed."

***Id.*** § 9721(b).

Here, the trial court addressed and rejected Glenn's challenge to his

sentence, in its Opinion, as follows:

> The record in this case supports the sentence imposed by th[e trial c]ourt. [Glenn] had violated the original probationary term in this case. This [c]ourt noted at the [PV] [H]earing that [Glenn] was serving a term of probation after being convicted of aggravated assault for conduct involving [Glenn's] firing of a gun toward a female victim. In that case, [Glenn] approached the victim as she was entering her house. He yelled at her and fired three shots near her. The victim ran behind a motor vehicle and [Glenn] fired a shot at the vehicle. [Glenn] chased the victim and he attempted to fire his weapon at her[,] but the weapon malfunctioned. [At the PV Hearing, the trial c]ourt noted the seriousness of these original charges. While on probation for those serious charges, [Glenn] then engaged in additional assaultive conduct, of a sexual nature, against a minor child. T[he trial c]ourt views this new conduct[, of which Glenn was] convicted[,] as very serious[,] demonstrating a complete disregard for [Glenn's] probationary obligations.
>
> Th[e trial c]ourt further observed [Glenn's] additional criminal history from the [PSI.[7]] [Glenn] was previously convicted of corruption of minors in 2006. He was arrested multiple times for assault-type charges. He has prior convictions for drug offenses. [Glenn] has demonstrated a pattern of criminal activity that went undeterred despite his prior involvement in the criminal justice system and efforts at rehabilitation. [Glenn's] persistent criminal conduct makes clear that a probationary sentence would not have addressed the purposes of sentencing. The need to

---

[7] The trial court expressly stated at the PV Hearing that it had considered Glenn's PSI prior to imposing sentence. ***See*** N.T., 9/5/18, at 5-8, 12. Where a sentencing court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations (including, *inter alia*, a defendant's rehabilitative needs, history, and circumstances). Moreover, "where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

protect society from [Glenn's] behavior and his need for confinement in a state prison facility warranted the sentence imposed in this case.

Trial Court Opinion, 11/8/18, at 3-4 (footnote added). We conclude that the trial court's foregoing rationale is supported by the record, and agree with the court's determination.

We additionally note that at the PV hearing, the trial court considered Glenn's counsel's argument that Glenn was (1) "the product of an addicted mother[;]" and (2) "himself a victim of sexual assault while he was in foster care." N.T., 9/5/18, at 6. The trial court determined that despite these circumstances, a sentence of total confinement was appropriate, for the reasons listed above. We discern no abuse of the trial court's discretion in this regard. Moreover, the record is clear that the trial court fully considered Glenn's individual circumstances and rehabilitative needs. *See, e.g., id.* at 10 (wherein the trial court stated that, because it had presided over Glenn's original sentencing hearing in April 2017, the court "recall[ed] the sentencing in this case about the stressors on [Glenn] and so forth.").

Accordingly, we conclude that the trial court acted amply within its broad discretion in revoking Glenn's probation and imposing a state prison sentence, where he had violated his probation by committing serious sexual offenses merely two months after his release on parole. Moreover, the sentence is not unduly harsh or excessive.

Judgment of sentence affirmed.

P.J.E. Bender joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2019