J-S28040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN CARL ROGERS | : | |
| | : | |
| Appellant | : | No. 94 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 2, 2020
in the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000376-2015

BEFORE:  BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 20, 2020**

Shawn Carl Rogers ("Rogers") appeals from the judgment of sentence imposed following the revocation of his probation.  We affirm.

Between 2013 and 2015, Rogers was employed by Tuscarora Organic Growers ("Tuscarora Organic").  During his employment as the bookkeeper, Rogers used Tuscarora Organic's payment system to write unauthorized checks to himself for a total of $18,961.64.

On March 3, 2017, Rogers entered a negotiated guilty plea to two counts of forgery, and one count each of theft by unlawful taking, theft by deception, receiving stolen property, and conspiracy.[1]  Additionally, Rogers agreed to pay the full amount of restitution and to make a $7,150.00 payment to Tuscarora Organic prior to the start of his sentence.  The trial court accepted Rogers's

_____

[1] 18 Pa.C.S.A. §§ 4101(a)(2), 3921(a), 3922(a)(1), 3925(a), 903.

guilty plea and deferred sentencing for the purposes of preparing a pre-sentence investigation report.

On May 25, 2017, in accordance with the terms of the plea agreement, the trial court sentenced Rogers to a period of two to six months in prison at the Huntingdon County Correctional Facility, followed by 3 years' probation, plus fines and costs. Additionally, Rogers was ordered to undergo drug and alcohol evaluation and treatment. The trial court delayed Rogers's sentence pending his $7,150.00 payment. Rogers successfully made the initial payment and subsequently reported to the Huntingdon County Correctional Facility on February 2, 2018, to begin his sentence. Rogers did not file any post-sentence motions or a direct appeal.

On June 22, 2018, Rogers was released from prison. At that time, Rogers entered into a payment plan with the Huntingdon Probation Department ("Probation Department") to pay $530.00 a month toward his restitution, fines, and costs.

On December 12, 2018, the Probation Department filed a Petition to revoke Rogers's probation based on technical violations of the terms of his probation. The Petition alleged that Rogers had failed to attend two appointments with his probation officer, failed to notify the Probation Department of his change of address and change in employment, and failed to make his monthly $530.00 payments. The trial court scheduled a *Gagnon*

*I*[2] hearing for December 28, 2018,[3] and Rogers subsequently failed to appear. The trial court issued a bench warrant for Rogers, and he was arrested on June 10, 2019.

On June 11, 2019, the trial court conducted a combined **Gagnon I** and contempt hearing. At the close of the hearing, the trial court found that (1) probable cause existed that Rogers had violated his probation, but he would be released pending a **Gagnon II** hearing; and (2) Rogers was in indirect criminal contempt for failure to pay fines, costs, and restitution. Additionally, Rogers agreed to pay another $2,000.00 towards his restitution by August 14, 2019. Rogers was only able to pay $1,697.69 by August 14, 2019.

Prior to the **Gagnon II** hearing, the Probation Department filed an Amended Petition to revoke Rogers's probation. The Amended Petition alleged that Rogers had failed to undergo the court-ordered drug and alcohol evaluation and treatment; Rogers had fled the state and was in North Carolina for approximately one month without notifying the Probation Department; and Rogers had tested positive for marijuana metabolites on June 14, 2019. In response to the Amended Petition, Rogers filed a Motion to

---

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[3] In its Opinion, the trial court states that the **Gagnon I** hearing was scheduled for December 28, 2018; however, the docket does not reflect a hearing scheduled for that day.

Clarify[4] the restitution amount and the trial court ordered a hearing to be held on November 7, 2019.

The **Gagnon II** hearing was held on November 6, 2019, and Rogers again failed to appear.  However, Rogers did appear on November 7, 2019, for a hearing on Rogers's Motion to Clarify the restitution amount.  The trial court proceeded to conduct a hearing for "all open matters regarding [Rogers]'s probation."  **See** Trial Court Opinion, 1/28/20, at 3.  During the hearing, Rogers stipulated that he was in violation of his probation.  At the conclusion of the hearing, the trial court found that Rogers had violated his probation, revoked Rogers's probation, and scheduled a sentencing hearing for January 2, 2020.

On January 2, 2020, the trial court resentenced Rogers to 12 to 24 months in prison.  Rogers did not file a post-sentence motion.  Rogers filed a timely Notice of Appeal and a contemporaneous Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.  The trial court filed a Pa.R.A.P. 1925(a) Opinion.

Rogers now raises the following claim for our review:  "Is the sentence imposed on [] Rogers manifestly excessive, given his acceptance of

---

[4] In his Motion, Rogers argued that the Probation Department had alleged an incorrect amount of restitution.  Specifically, Rogers claimed that the initial restitution amount was $18,961.94, but the Probation Department had alleged that Rogers owed $23,562.69 in restitution.  Additionally, Rogers reminded the trial court that he had paid $7,150.00 of the restitution prior to the beginning of his sentence and, thus, his remaining restitution should have been $11,811.94.  Rogers's Motion to Clarify did not calculate his additional payment of $1,697.69.

responsibility for his actions, his lack of prior criminal record, and his attempts at payment of restitution?" Brief for Appellant at 3.

Rogers claims that his sentence of 12 to 24 months in prison was manifestly excessive, and that the trial court failed to consider mitigating factors in fashioning Rogers's sentence. *Id.* at 13. Additionally, Rogers contends that the trial court should have sentenced him to a period of probation instead of prison time and, in doing so, failed to consider his prior criminal record. *Id.* at 11-12. Further, Rogers claims that the trial court engaged in "message sending goals." *Id.* at 12. Finally, Rogers argues that the trial court abused its discretion by sentencing him to a period of total confinement for technical violations. *Id.*

Rogers challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Sunealitis*, 153 A.3d 414, 420 (Pa. Super. 2016). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Rogers filed a timely Notice of Appeal and properly included a Rule 2119(f) Statement in his brief. However, Rogers did not object at sentencing to the trial court's allegedly excessive sentence, nor did he file a post-sentence motion. *See Commonwealth v. Gibbs*, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that a challenge to the discretionary aspects of a sentence is waived where the appellant failed to preserve such challenge at sentencing or in a post-sentence motion). Accordingly, Rogers has waived his challenges to the discretionary aspects of his sentence on appeal. *See id.*; *see also Commonwealth v. Barnhart*, 933 A.2d 1061, 1066-67 (Pa. Super. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/20/20