J-S46035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 253 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011318-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 256 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012460-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 257 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012461-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 258 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013155-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 259 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013156-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYE BAUM | : | |
| | : | |
| Appellant | : | No. 260 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013157-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: January 21, 2021

In these consolidated appeals, Tye Baum ("Baum") appeals from the judgments of sentence imposed following the revocation of his probation. We affirm.

In August 2013, Baum stole several vehicles, either by threatening the owner at gunpoint or by stealing the keys to the vehicle. Baum then sold the vehicles to junkyards.

Baum was charged, at six separate dockets, with the following offenses: seven counts each of theft by unlawful taking and receiving stolen property, five counts of unauthorized use of a motor vehicle, and one count each of robbery, robbery of motor vehicle, terroristic threats, possessing instruments of crime, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and criminal conspiracy.[1]

During a consolidated plea hearing on February 24, 2014, Baum entered an open guilty plea at the above-captioned docket numbers. Baum pled guilty to five counts of theft by unlawful taking, and one count each of robbery of a

---

[1] 18 Pa.C.S.A. §§ 3921(a), 3925(a), 3928(a), 3701(a)(1)(ii), 3702(a), 907(a), 6106(a)(1), 6108, 903.

motor vehicle and firearms not to be carried without a license. Baum's remaining charges were *nolle prossed*.

On April 17, 2014, the trial court sentenced Baum, for the robbery conviction, to 11½ to 23 months in prison followed by eight years of probation. For each of the remaining convictions, the trial court sentenced Baum to 11½ to 23 months in prison, followed by five years of probation. The trial court ordered each of Baum's sentences to be served concurrently. Additionally, Baum was ordered to undergo drug and alcohol treatment, and to complete an anger management program. Baum did not file a direct appeal.

In July 2015, Baum was released from prison and began serving the probationary portion of his sentence.

On June 27, 2019, Baum was arrested in Montgomery County, Pennsylvania, and charged with receiving stolen property and unauthorized use of a motor vehicle.[2]

On June 28, 2019, the trial court issued a bench warrant based upon Baum's new charges. Following a **Gagnon I**[3] hearing on August 30, 2019, the trial court determined that probable cause existed to believe that Baum had violated his probation when he was charged with receiving stolen property

---

[2] 18 Pa.C.S.A. §§ 3925(a), 3928(a).

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

and unauthorized use of a motor vehicle. The trial court lodged a detainer, and scheduled a *Gagnon II* hearing for December 17, 2019.

Prior to the *Gagnon II* hearing, the Philadelphia County Adult Probation Department filed a "*Gagnon II* Summary," which detailed Baum's probation violations, and recommended that Baum's probation be revoked and a new period of incarceration be imposed. The Summary stated that Baum had completed his anger management program, submitted clean drug tests since 2016, and was employed. Additionally, the Summary stated that Baum had been charged, in Montgomery County, Pennsylvania, with receiving stolen property and unauthorized use of a vehicle.

On December 17, 2019, the trial court conducted the *Gagnon II* hearing. At the close of the hearing, the trial court found that Baum was in direct violation of his probation, because Baum had pled guilty to a new offense, unauthorized use of a vehicle.[4] Additionally, the trial court revoked Baum's probation, and resentenced Baum to a period of one to five years in prison for each of his offenses. The trial court directed that Baum's sentences run concurrently with each other.

---

[4] On December 10, 2019, Baum pled guilty to unauthorized use of a motor vehicle in the Montgomery County case.

On January 7, 2020, Baum filed a "Motion for Reconsideration of Sentence *nunc pro tunc*," in which he requested a new sentencing hearing.[5] The trial court accepted Baum's post-sentence Motion as timely filed.

Baum filed Notices of Appeal,[6] one at each docket number, and court-ordered Pa.R.A.P. 1925(b) Concise Statements of errors complained of on appeal. On March 2, 2020, this Court, *sua sponte*, consolidated the above-captioned appeals.

Baum now raises the following claim for our review:

_____

[5] Although the trial court did not rule on Baum's post-sentence Motion, this appeal is properly before this Court. **See** Pa.R.Crim.P. 708(E) (stating that, following the revocation of probation, "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period."). Additionally, "[a]ny appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence **expressly grants reconsideration or vacates** the sentence." Pa.R.Crim.P. 708(E), Cmt. (emphasis added). After the 30-day appeal period has passed, the trial court is divested of jurisdiction to rule on a post-sentence motion. ***Commonwealth v. Swope***, 123 A.3d 333, 337 n.16 (Pa. Super. 2015) (citation omitted).

Here, the trial court accepted Baum's post-sentence Motion, *nunc pro tunc*, and granted Baum permission to file his Motion *nunc pro tunc*. However, the trial court did not expressly grant reconsideration or vacate Baum's sentence. Accordingly, Baum's 30-day appeal period was not tolled. **See** Pa.R.Crim.P. 708(E); ***see also Swope***, ***supra***. Nevertheless, because Baum filed timely Notices of Appeal within 30 days of his judgment of sentence, his appeals are timely.

[6] Baum complied with the dictates of our Supreme Court in ***Commonwealth v. Walker***, 185 A.3d 969, 971, 977 (Pa. 2018) (holding that, prospectively from the date of the ***Walker*** decision, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case[,]" and that a failure to do so will result in quashal) (citing Pa.R.A.P. 341, note).

> 1. Did not the trial court, after revoking [Baum]'s probation, abuse its sentencing discretion where the **Gagnon** [S]ummary described [Baum] as a "stable and compliant" probationer notwithstanding his recent conviction for a misdemeanor, yet the [trial] court imposed an excessive sentence of state incarceration based on its inaccurate and perplexing finding that [Baum] consistently refused to follow the rules of probation?

Brief for Appellant at 3.

Baum claims that his revocation sentences of one to five years in prison were excessive, and that the trial court failed to consider mitigating factors in fashioning Baum's sentences. **Id.** at 13-15. Specifically, Baum contends that the trial court ignored Baum's clean drug tests, completion of anger management, and employment. **Id.** at 13. Baum argues that the trial court focused solely on his new charges and did not give "due consideration to the time [Baum] spent serving [] probation." **Id.** at 16. Additionally, Baum asserts that the trial court abused its discretion by failing to consider any of the factors set forth in 42 Pa.C.S.A. § 9725 when it sentenced Baum to a period of total confinement. Brief for Appellant at 17-19.

Baum challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (stating that a claim that the trial court erred in imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of sentencing); **see also Commonwealth v. Ferguson**, 893 A.2d 735, 737 (Pa. Super. 2006) (stating that a claim that a sentence is excessive is a challenge to the discretionary

aspects of sentencing); ***Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (stating that a claim that a trial court failed to consider mitigating factors is a challenge to the discretionary aspects of sentencing). Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. ***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997); ***see also Commonwealth v. Tuladziecki***, 522 A.2d 17, 18 (Pa. 1987). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Baum filed timely Notices of Appeal, and properly included a Rule 2119(f) Statement in his brief. However, Baum did not object at sentencing to the trial court's allegedly excessive sentence, nor does his post-sentence Motion raise this claim. Rather, Baum's post-sentence Motion includes merely a bald request that the trial court vacate his sentence and schedule a new sentencing hearing, without identifying any alleged errors. ***See Commonwealth v. Gibbs***, 981 A.2d 274, 282-83 (Pa. Super. 2009) (stating that a challenge to the discretionary aspects of a sentence is waived where

the appellant failed to preserve such challenge at sentencing or in a post-sentence motion).   Accordingly, Baum has not invoked this Court's jurisdiction, and his discretionary sentencing claim is waived.  **See id.**; **see also Commonwealth v. Barnhart**, 933 A.2d 1061, 1066-67 (Pa. Super. 2007).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21