J-S17005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY BALLAYAN | : | |
| | : | |
| Appellant | : | No. 1681 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 24, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007305-2022

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.: **FILED JUNE 2, 2025**

Henry Ballayan (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count of indecent assault.[1] We affirm.

The following evidence was adduced at trial: At the time of the alleged offense, Appellant was the pastor of a church in Philadelphia. N.T., 12/15/23, at 12. Complainant is the cousin of Appellant's wife. *Id.* Complainant testified that on February 7, 2020, at approximately 11:00 a.m., she went to Appellant's church to meet Appellant, who had agreed to drive her to the airport. *Id.* at 12-14. Complainant called Appellant to tell him she had

_____

[1] 18 Pa.C.S.A. § 3126(a)(1).

arrived, and he asked her to come inside the church because he was finishing up some work. *Id.* at 14-15.

Complainant joined Appellant in a small office where he was working. *Id.* at 15-18. Complainant asked Appellant when they would be leaving for the airport. *Id.* at 16. According to Complainant, Appellant sat in a chair next to her and asked, "what are you giving me before we leave[?]" *Id.* at 18. Appellant "put his hand on [Complainant's] lap," "very close to … [her] vagina area." *Id.* When Complainant moved Appellant's hand away and stood up, Appellant pushed Complainant against the wall and pressed his body against her. *Id.* at 18-19. Appellant squeezed Complainant's cheeks and told her to give him a kiss. *Id.* at 19. Complainant repeatedly told Appellant to stop, but Appellant began rubbing her belly and "groping" her. *Id.* at 19-20. Complainant testified that "one of [Appellant's] hands was trying to reach into my pants, like the front area where my vagina is." *Id.* at 21. Complainant managed to escape Appellant's grasp and ran out of the church. *Id.* at 22.

Once outside, Complainant called Appellant and asked if he would still drive her to the airport, and he confirmed he would. *Id.* at 23. Complainant called her friend, Mariana Massaquoi (Ms. Massaquoi), and stayed on a FaceTime call with her throughout the car ride. *Id.* at 24-26. Complainant also testified she felt "more comfortable" because she knew Appellant would be picking up his stepchildren from school, which was two minutes from the church. *Id.* at 25-26, 28. Complainant testified that before they arrived at

the school, Appellant told her, "I'm sorry for touching you like that." *Id.* at 26. When Appellant went into the school, Complainant told Ms. Massaquoi about the assault. *Id.* Ms. Massaquoi testified Complainant called her, "very upset," and told her Appellant had just tried to "grope her," "kiss her," and "force himself on her." *Id.* at 54. Complainant testified that when they arrived at the airport, Appellant gave her $30. *Id.* at 27.

Appellant denied the incident ever occurred. According to Appellant, Complainant was waiting for him in the church when he arrived with the children already in his car. *Id.* at 66. Appellant testified he went to the church door; Complainant came outside; and they got into the car with the children. *Id.* Appellant testified Complainant asked him for $25, and he gave her $25 when they arrived at the airport. *Id.* Appellant claimed Complainant had been upset with him and his wife because they disapproved of Complainant having a romantic relationship with Appellant's son, on the grounds that they were cousins. *Id.* at 63. Appellant testified Complainant had told his wife that Complainant was "going to put us into trouble." *Id.*

After Appellant dropped her off at the airport, Complainant flew to North Carolina for a work assignment. *Id.* at 13, 29. She testified that she did not initially report the incident to police because she "was just in total shock and disbelief as to what happened…." *Id.* Two days after the incident, Complainant told her mother, and her mother urged her to call the police. That same day, Complainant called police in North Carolina, who advised her

she would have to report the incident to Philadelphia police. *Id.* Appellant remained in North Carolina for a "full week of work…." *Id.* at 30. On February 18, 2020, after returning to Philadelphia, Appellant reported the incident to Philadelphia police. *Id.*

The Commonwealth subsequently charged Appellant with one count of indecent assault.[2] Appellant waived his right to a jury trial, and the matter proceeded to a bench trial on December 15, 2023. The Commonwealth presented testimony from Complainant and Ms. Massaquoi, while Appellant testified in his own defense. The parties also stipulated that a witness who had known Appellant for eight years would have testified that she knows Appellant has a good "reputation in the community for law-abiding behavior and honesty." *Id.* at 80. At the trial's conclusion, the trial court convicted Appellant of indecent assault.

On May 24, 2024, the trial court sentenced Appellant to 18 months' probation. Appellant's conviction also rendered him a Tier I offender under the Sexual Offender Registration and Notification Act, subjecting him to 15-

---

[2] "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and … the person does so without the complainant's consent." 18 Pa.C.S.A. § 3126(a)(1). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of [a] person for the purpose of arousing or gratifying sexual desire, in any person." *Id.* § 3101.

year registration and reporting requirements. ***See*** 42 Pa.C.S.A. §§ 9799.14(b)(6), 9799.15(a)(1). No post-sentence motion followed. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant identifies the following issue for our review: "Was the verdict against the weight of the evidence[,] such that no reasonable fact finder would have found [A]ppellant guilty? Was said claim waived?" Appellant's Brief at 4.

We first address whether Appellant preserved his weight claim for appellate review. Pennsylvania Rule of Criminal Procedure 607 provides, in relevant part:

> A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2) by written motion at any time before sentencing; or
> >
> > (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Id.***, cmt. "Failure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." ***Commonwealth v. Bryant***, 57 A.3d 191, 196 (Pa. Super. 2012) (citing Pa.R.Crim.P. 607).

Here, Appellant failed to raise his weight claim in a motion for a new trial, either before sentencing or in a post-sentence motion. The trial court and the Commonwealth maintain the claim is therefore waived. *See* Trial Court Opinion, 9/16/24, at 3-4; Commonwealth Brief at 7-8.

Though Appellant concedes his non-compliance with Rule 607, he nevertheless argues his claim is not waived. The entirety of his waiver argument is as follows:

> While it is true that the requirements of a post trial motion under Rule 607 were not adhered to, it is been noting [*sic*] that this case was conducted as a bench trial—not a jury trial. Where a jury has delivered a verdict, the necessity for the trial court to pass on sufficiency [*sic*] issues seems greater than if the verdict was delivered by the bench.

Appellant's Brief at 9. Without citing authority, Appellant seems to suggest that Rule 607 applies only to jury trials and not bench trials. ***See Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 781 (Pa. Super. 2015) ("When an appellant cites no authority supporting an argument, this Court is inclined to believe there is none."). However, Rule 607's plain language contains no exception for bench trials, and our research discloses abundant caselaw applying the rule to bench trials. ***See, e.g., Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018) (following a bench trial, defendant's weight challenge was waived for appellate review due to defendant's failure to preserve it in accordance with Rule 607); ***Commonwealth v. Walsh***, 36 A.3d 613, 622 (Pa. Super. 2012) (same); ***Commonwealth v. Barnhart***, 933 A.2d 1061, 1066 (Pa. Super. 2007)

(same); *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004) (same); *Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa. Super. 2003) (same). Therefore, as Appellant failed to preserve his weight claim in accordance with Rule 607, the claim is waived.[3]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2025

---

[3] The trial court did not address the merits of Appellant's weight claim in its opinion. *See generally* Trial Court Opinion, 9/16/24 (opining Appellant waived his weight claim). Appellant argues the verdict was against the weight of the evidence because "the allegations surrounding the assault … are incredible and should never have been credited by the [finder] of fact." Appellant's Brief at 8. We observe that "[a] new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses." *Commonwealth v. Williams*, 255 A.3d 565, 580 (Pa. Super. 2021) (citation omitted).